IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HECKERT CONSTRUCTION COMPANY, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION<br>)<br>) Case No. 10-1151-CM |
| SINCLAIR OIL CORPORATION, | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

Plaintiff Heckert Construction Company, Inc. brings this diversity breach of contract action against defendant Sinclair Oil Corporation. During 2007 and 2008, the parties entered into a number of contracts for defendant to sell plaintiff specified quantities of asphalt at set prices. In July 2008, defendant notified plaintiff that it would not fulfill its prior contracts, and that unless plaintiff agreed to substitute a new contract (at a higher price) for the earlier contracts, defendant would not provide any asphalt to plaintiff. After attempting unsuccessfully to procure its required asphalt quantities from other sources, plaintiff agreed to a new contract with defendant—the August 2008 contract. The August 2008 contract contains a release of obligations, liabilities, and claims arising from the prior contracts. Plaintiff now claims that defendant committed an anticipatory and actual breach of the earlier contracts with plaintiff, and that plaintiff only entered into the August 2008 contract under economic duress. Plaintiff therefore argues that it is entitled to damages under the original contracts and that the August 2008 contract is voidable.

Defendant filed Defendant's Motion to Dismiss (Doc. 5). In its motion, defendant makes the following arguments: (1) as a matter of law, plaintiff cannot establish that it entered into the August 2008 contract as a result of economic duress; (2) the August 2008 contract was supported by valid

consideration; (3) plaintiff cannot establish a breach of contract; and (4) plaintiff's requested damages for lost profits and loss of goodwill are precluded by the contracts. Primarily, the parties focus on whether plaintiff can establish its claim of economic duress—acknowledging that, to some extent, the arguments regarding lack of consideration, breach of contract, and damages rely on whether plaintiff prevails on its claim of economic duress. The parties do offer limited independent argument, however, on the other three issues.

The court has reviewed all of the relevant law on the economic duress doctrine, and is not convinced that dismissal on this basis is appropriate at this time. Plaintiff's allegations are sufficient to satisfy the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The court also notes that Restatement (Second) of Contracts § 175—cited in *Comeau v. Mt. Carmel Med. Ctr., Inc.*, 869 F. Supp. 858, 865 (D. Kan. 1994)—provides an illustration that is similar to this case: Comment b, illustration 5. That illustration suggests that plaintiff may have not had a reasonable alternative to signing the August 2008 contract. While the court may at a later time determine that plaintiff had other reasonable alternatives and/or that it was plaintiff's business necessities, not defendant's actions, that caused plaintiff to enter into the August 2008 contract, the court cannot do so on the record before it. *See generally Comeau*, 869 F. Supp. at 865 (setting forth elements for economic duress: "(1) a wrongful act or improper threat; (2) the absence of a reasonable alternative to entering the agreement; and (3) the lack of free will"); *Strickland Tower Maintenance, Inc. v. AT&T Commc'ns, Inc.*, 128 F.3d 1422, 1427 (10th Cir. 1997) (applying Oklahoma law and requiring a causal relationship between the defendant's action and the contract). In rendering this decision, the court recognizes that a determination of whether a reasonable alternative existed has been identified as a question of law, *see Comeau*, 869 F. Supp. at 865, n.7, but the court does not believe that the

facts of the complaint allow it to make that determination now.

Because the court determines that plaintiff has stated a claim for economic duress, most of defendant's other arguments are moot. If the August 2008 contract was the result of economic duress, then it does not matter whether it lacked consideration, and plaintiff may have a valid breach of contract claim. Similarly, if the August 2008 contract is found to be void, then it cannot bar damages under the original contracts. Defendant's position that plaintiffs are not entitled to lost profits or damages for loss of goodwill and reputation may ultimately have merit; but based on the allegations in the complaint, the court is not willing to dismiss them at this time. That is a decision that can be made later, on a more complete record.

For all of the above-stated reasons, the court determines that dismissal of plaintiff's claims is not appropriate at this time. Plaintiff's complaint meets the standards of *Twombly*. While a summary judgment record may reveal that defendant is entitled to judgment as a matter of law, the court will not make that ruling at this time.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is denied without prejudice.

Dated this 14th day of September 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**